UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL JOHN MODENA,

    Plaintiff,        Case No. 1:13-cv-1341

v.                Honorable Gordon J. Quist

DONALD A. DAVIS et al.,

    Defendants.
_____/

## **OPINION**

    This is a civil rights action brought by a federal prisoner pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] Plaintiff's application to proceed *in forma pauperis* was denied under the three-strikes rule and Plaintiff has paid the entire civil action filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

---

[1] Plaintiff's complaint also cites 42 U.S.C. § 1983 as a basis for relief, but that statute applies to persons acting under color of state law; it does not apply to federal officials. *See District of Columbia v. Carter*, 409 U.S. 418, 423–25 (1973) ("[A]ctions of the Federal Government and its officers are at least facially exempt from [§ 1983's] proscriptions."); *Benson v. United States*, 969 F. Supp. 1129, 1135 (N.D. Ill. 1997).

**Factual Allegations**

Plaintiff Michael John Modena is presently in the custody of the Federal Bureau of Prisons (FBOP).[2] He names as defendants persons who appear to have been involved in some way with Plaintiff's past arrests and prosecutions: Former United States Attorney Donald A. Davis; Assistant United States Attorney Hagen Frank; Unknown Parties named as Twelve Unknown U.S. Marshals in Grand Rapids, MI; Pentwater Michigan Policeman K. Shuitema; State Trooper Detective Richard Miller; B.A.T.F. Special Agent James Walsh; United States Magistrate Judge Joseph Scoville; Probation Officer Richard Griffis; Richard Zambon, Esq.; United States District Judge Janet Neff; Paralegal Heather Wiersma and Unknown Parties named as unknown courtroom personnel working with Judge Neff.

Plaintiff's complaint is virtually incomprehensible and includes discussion of a wide array of topics including the nature of the oath of office taken by employees of the federal government to an explanation of how a Bill becomes law. As best as can be understood, the crux of Plaintiff's complaint appears to be his assertion that he has been unlawfully arrested, detained, prosecuted and convicted in connection with three separate criminal cases which resulted in Plaintiff spending more then ten years in jail or prison. (Compl., docket #1, Page ID#10). Plaintiff alleges that his First, Second, Fourth, Fifth, Sixth, Eighth and Tenth Amendment rights have been violated. However, Plaintiff fails to set forth any facts to support the alleged violation of any of his constitutional rights. As relief, Plaintiff seeks attorneys fees, a temporary injunction, compensation,

---

[2] At the time of filing his complaint, Plaintiff was incarcerated at the United States Penitentiary, Hazelton. (Compl., docket #1, Page ID#2.) Plaintiff continues to be in the custody of the FBOP, but he is currently residing at a residential reentry center that contracts with the FBOP. *See* http://www.mhweb.org/westmichigan/project_rehab3.htm (visited on March 27, 2014).

punitive damages, and "declaratory relief by a comprehensive ruling." (Compl., docket #1, Page ID#13.)

## Discussion

I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

In *Bivens*, the Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). This implied cause of action is "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). To state a claim that is cognizable in a *Bivens* action, the plaintiff must plead two essential elements: first, that he has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendants acted under color of federal law. *Bivens*, 403 U.S. at 397.

Plaintiff's complaint must be dismissed because it fails to satisfy basic pleading requirements for stating a constitutional claim. It merely consists of conclusory statements that Defendants engaged in wrongful conduct, without any supporting allegations of material fact to show (for purposes of stating a claim) that Defendants violated any of his rights, let alone his constitutional rights. Thus, because it falls far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), Plaintiff's complaint must be dismissed.

Even if Plaintiff had stated a plausible claim against Defendants, his action would still be subject to dismissal. Plaintiff challenges his arrests, detentions, prosecutions and convictions in connection with three criminal cases for which he either pleaded or was found guilty and served a total of more then ten years in jail or prison. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus under 28 U.S.C. § 2254 or § 2255[3] and is not the proper subject of a civil rights action brought pursuant to § 1983 or *Bivens*. *See Preiser v.*

---

[3] Because he is a federal prisoner, in order to challenge his conviction Plaintiff must seek federal habeas relief by filing a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

*Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Barnes v. Lewis,* No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec.10, 1993) (dismissal is appropriate where civil rights action seeks equitable relief and challenges fact or duration of confinement).

Moreover, to the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of his constitutional rights related to his criminal convictions, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). *See also Edwards v. Balisok*, 520 U.S. 641, 646 (1997). The Sixth Circuit has long held that *Heck* "applies with equal force to *Bivens* actions." *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco and Firearms*, 452 F.3d 433, 460 (6th Cir. 2006). *See also Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir. 1998) (stating that the "Heck holding applies equally to an action brought under *Bivens*" so that a federal prisoner could not bring a *Bivens* action until demonstrating that his conviction has been "declared invalid or otherwise impugned as set forth in *Heck*"). The holding in *Heck* applies to actions seeking monetary damages, as well as actions

seeking injunctive or declaratory relief. *See Heck*, 512 U.S. at 486 (monetary damages); *Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his convictions and Plaintiff has not alleged that any of his convictions have been overturned or otherwise invalidated. Therefore, his action is barred under *Heck* until his criminal convictions have been invalidated.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915A(b), and 42 U.S.C. § 1997e(c).

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: April 3, 2014                             /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE